BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
Civil Division
JAMES G. TOUHEY, JR.
Director, Torts Branch
IRINA M. MAJUMDAR
D.C. Bar No. 252757
Trial Attorney
E-mail: irina.m.majumdar@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 598-5403
Facsimile: (202) 616-5200

Attorneys for the United States of America

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### EASTERN DIVISION

| | |
|---|---|
| M.A.N.H., individually and as parent and next friend of his minor child, E.B.N.A.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>United States of America,<br><br>　　　　Defendant. | Case No. 5:23-cv-00372-JGB-KK<br><br>**UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>Hearing Date: September 18, 2023<br>Hearing Time: 9:00 a.m.<br>Ctrm: 1<br>Hon. Jesus G. Bernal |

# TABLE OF CONTENTS

**ARGUMENT** .................................................................................................... 1

    I.    THE UNITED STATES HAS NOT WAIVED ITS SOVEREIGN IMMUNITY ................ 1

        A.    Plaintiffs Allege Impermissible Systemic or Institutional Torts ................. 1

        B.    The Discretionary Function Exception ........................................................ 2

        C.    Actions Were Taken While Reasonably Executing the Law ...................... 7

        D.    No "Private Person" Analogue Exists ......................................................... 7

        E.    The Independent Contractor Exception Bars Some Allegations ................. 8

    II.   PLAINTIFFS' FAILURE TO STATE A CLAIM ....................................................... 9

        A.    Privileged Conduct ...................................................................................... 9

        B.    Plaintiffs' IIED Claims ................................................................................ 9

        C.    Plaintiffs' Abuse of Process Claims .......................................................... 10

        D.    Plaintiffs' Negligence Claims ................................................................... 11

    III.  CONCLUSION ................................................................................................ 12

# TABLE OF AUTHORITIES

**Statutes:**

8 U.S.C. § 1232(b) ............................................................................................... 11
28 U.S.C. § 2680(a) ................................................................................................ 7
Tex. Penal Code Ann. § 9.21(a) ........................................................................... 10

**Cases:**

*A.F.P. v. United States*,
   2022 WL 2704570 (E.D. Cal. July 12, 2022) ..................................................... 9
*Andrade v. Chojnacki*,
   65 F. Supp. 2d 431 (W.D. Tex. 1999) ............................................................. 11
*B.A.D.J. v. United States*,
   2022 WL 11631016 (D. Ariz. Sept. 30, 2022) .................................................. 2
*Bunikyte, ex rel. Bunikiene v. Chertoff*,
   2007 WL 1074070 (W.D. Tex. Apr. 9, 2007) ................................................... 6
*C.D.A. v. United States*,
   2023 WL 2666064 (E.D. Pa. Mar. 28, 2023) ............................................ 12, 13
*Caban v. United States*,
   728 F.2d 68 (2d Cir. 1984) .............................................................................. 10
*Campbell v. Chavez*,
   402 F. Supp. 2d 1101 (D. Ariz. 2005) ............................................................... 3
*Camreta v. Greene*,
   563 U.S. 692 (2011) .......................................................................................... 5
*Chen v. United States*,
   854 F.2d 622 (2d Cir. 1988) ............................................................................ 12
*Corr. Servs. Corp. v. Malesko*,
   534 U.S. 61 (2001) .......................................................................................... 12
*D.A. v. United States*,
   2023 WL 2619167 (W.D. Tex. Mar. 23, 2023) ................................................ 6
*Daniels v. Williams*,
   474 U.S. 327 (1986) .......................................................................................... 3
*Delgado v. INS*,
   637 F.2d 762 (10th Cir. 1980) .......................................................................... 4
*E.L.A. v. United States*,
   2022 WL 2046135 (W. D. Wash. June 3, 2023) ...................................... 11, 13
*E.S.M. v. United States*,
   2022 WL 11729644 (D. Ariz. Oct. 20, 2022) ................................................... 2

*F.R. v. United States*,
   2022 WL 2905040 (D. Ariz. July 22, 2022) ......................................................... 2
*FDIC v. Meyer*,
   510 U.S. 471 (1994) ........................................................................................ 12
*Flores v. Lynch*,
   828 F.3d 898 (9th Cir. 2016) ............................................................................. 6
*Fuentes-Ortega v. United States*,
   2022 WL 16924223 (D. Ariz. Nov. 14, 2022) ..................................................... 2
*Galvin v. Hay*,
   374 F.3d 739 (9th Cir. 2004) ......................................................................... 4, 5
*GATX/Airlog Co. v. United States*,
   286 F.3d 1168 (9th Cir. 2002) ........................................................................... 7
*Gomez v. Arizona*,
   2017 WL 5517449 (D. Ariz. Nov. 17, 2017) ....................................................... 3
*Hornbeck Offshore Transp. v. United States*,
   569 F.3d 506 (D.C. Cir. 2009) ......................................................................... 12
*Howell v. United States*,
   932 F.2d 915 (11th Cir. 1991) ......................................................................... 12
*J.F.G. v. Hott*,
   921 F.3d 204 (4th Cir. 2019) ............................................................................. 4
*Johnson v. Sawyer*,
   47 F.3d 716 (5th Cir. 1995) ............................................................................. 12
*Lee v. United States*,
   2020 WL 6573258 (D. Ariz. Sept. 18, 2020) ...................................................... 3
*Marin-Garcia v. Holder*,
   647 F.3d 666 (7th Cir. 2011) ............................................................................. 4
*Mundy v. United States*,
   983 F.2d 950 (9th Cir. 1993) ........................................................................... 11
*Myers v. United States*,
   17 F.3d 890 (6th Cir. 1994) ............................................................................. 12
*Nurse v. United States*,
   226 F.3d 996 (9th Cir. 2000) ......................................................................... 3, 4
*Prescott v. United States*,
   973 F.2d 696 (9th Cir. 1992) ............................................................................. 7
*Ryan v. ICE*,
   974 F.3d 9 (1st Cir. 2020) ................................................................................. 8
*S.E.B.M. v. United States*,
   2023 WL 2383784 (D.N.M. Mar. 6, 2023) .................................................... 8, 10

*Sea Air Shuttle Corp. v. United States*,
    112 F.3d 532 (1st Cir. 1997).............................................................................. 8, 12
*St. Clair v. City of Chico*,
    880 F.2d 199 (9th Cir. 1989), *cert. denied*, 493 U.S. 993 (1989) ......................... vi
*United States Fid. & Guar. Co. v. United States*,
    837 F.2d 116 (3d Cir. 1988) ..................................................................................... 5
*United States v. Dominguez-Portillo*,
    2018 WL 315759 (W.D. Tex. Jan. 5, 2018)....................................................... 4, 6
*United States v. Gaubert*,
    499 U.S. 315 (1991) ............................................................................................ 5, 7
*United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*,
    467 U.S. 797 (1984) .................................................................................................. 5
*United States v. Vasquez-Hernandez*,
    924 F.3d 164 (5th Cir. 2019) ................................................................................... 4
*Westbay Steel, Inc. v. United States*,
    970 F.2d 648 (9th Cir. 1992) ................................................................................... 8
*Xue Lu v. Powell*,
    621 F.3d 944 (9th Cir. 2010) ................................................................................... 4

# ARGUMENT

For the reasons set forth in the United States' Motion to Dismiss, Dkt. 38 ("Motion" or "MTD"), the United States has not waived its sovereign immunity for Plaintiffs' claims, and even if it had, Plaintiffs have failed to state tort claims under applicable state law. Nothing in Plaintiffs' Opposition, Dkt. 46 ("Opp'n"), presents a reason to deny the United States' Motion. Accordingly, this case should be dismissed.[1]

## I. The United States Has Not Waived Its Sovereign Immunity

### A. Plaintiffs Allege Impermissible Systemic or Institutional Torts

Plaintiffs' core challenges in this suit are quintessential attacks on policymaking or agency-wide conduct that are not cognizable under the FTCA. *See* MTD at 8-10. Plaintiffs cannot hold the United States liable under the FTCA based on the creation and adoption of policies because such conduct is not the allegedly negligent or wrongful act of an individual employee or employees – as is required under the FTCA – but of the agency itself. *Id*. at 8-10. Plaintiffs cite no cases holding otherwise. Indeed, in other family separation cases, courts have dismissed the plaintiffs' claims to the extent they are based on policymaking or agency-wide conduct, permitting the suits to proceed past the motion to dismiss stage only on those claims that properly could be understood as arising from the alleged misconduct of

---

[1] Plaintiffs' argument that a factual 12(b)(1) challenge can only be brought where a defendant "disputes the truth of the [jurisdictional] allegations," Opp'n at 5 n.2, is plainly incorrect. In assessing subject matter jurisdiction on a factual attack, the Court may consider all the evidence submitted. *See, e.g.*, *St. Clair v. City of Chico*, 880 F.2d 199, 201 (9th Cir. 1989), *cert. denied*, 493 U.S. 993 (1989) ("[U]nlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court.").

*individual* employees. *See, e.g.*, *B.A.D.J. v. United States*, 2022 WL 11631016, at *5 (D. Ariz. Sept. 30, 2022) ("To the extent Plaintiffs allege harms resulting from policymaking or agency-wide misconduct, the Court lacks subject matter jurisdiction over those claims."); *see also Fuentes-Ortega v. United States*, 2022 WL 16924223, at *5 (D. Ariz. Nov. 14, 2022) (same); *E.S.M. v. United States*, 2022 WL 11729644, at *2 (D. Ariz. Oct. 20, 2022) (same); *F.R. v. United States*, 2022 WL 2905040, at *4 (D. Ariz. July 22, 2022) (same).

Plaintiffs contend that they have identified specific government employees and have identified those employees by name or function. Opp'n at 7. The Complaint, however, is replete with references to allegedly tortious conduct of "the government." *See, e.g.*, Compl. ¶¶ 1, 15, 92. As the United States established in its Motion, the United States has not waived its sovereign immunity under the FTCA for allegations of generalized agency negligence. *See, e.g.*, *Lee v. United States*, No. CV1908051, 2020 WL 6573258, at *6 (D. Ariz. Sept. 18, 2020) (dismissing claims of "generalized theories of negligence asserted against the staff and employees of federal institutions as a whole" for lack of jurisdiction).

### B. The Discretionary Function Exception

#### 1. Plaintiffs Cannot Overcome the Discretionary Function Exception by Alleging Any Constitutional Violation

Plaintiffs' argument that the FTCA's discretionary function exception ("DFE") is categorically inapplicable when a plaintiff has "plausibly allege[d] a constitutional violation," Opp'n at 9, fails for several reasons.

Plaintiffs argue that in separating M.A.N.H. and E.B.N.A., the United States violated their substantive due process right to family integrity. Opp'n at 10. At a

2

minimum, the DFE bars Plaintiffs' negligence claim because negligence alone cannot implicate constitutional due process rights. *See Daniels v. Williams*, 474 U.S. 327, 331-32 (1986); *Campbell v. Chavez*, 402 F. Supp. 2d 1101, 1102 (D. Ariz. 2005) ("Mere negligence does not amount to a constitutional deprivation."); *Gomez v. Arizona*, No. CV-16-04228, 2017 WL 5517449, at *4 n.1 (D. Ariz. Nov. 17, 2017) (same).

Moreover, contrary to Plaintiffs' assertions, the DFE is not rendered inapplicable by every allegation of unconstitutional conduct. Rather, at this stage, Plaintiffs must plausibly allege that the government violated a constitutional right that prescribed a specific course of conduct at the time of the alleged violation. In *Nurse v. United States*, 226 F.3d 996 (9th Cir. 2000), which Plaintiffs cite in their Opposition, Opp'n at 9, the Ninth Circuit held that a constitutional violation "may" remove an official's discretion and left open "the level of specificity with which a constitutional proscription must be articulated in order to remove the discretion of a federal actor." *Nurse*, 226 F.3d at 1002 n.2. Subsequently, in *Xue Lu v. Powell*, the Ninth Circuit held that the DFE applied when the plaintiffs had not "pointed to any specific duty under the Fifth Amendment or any specific policy to support a claim of *unconstitutional policymaking*." 621 F.3d 944, 950 (9th Cir. 2010) (emphasis added). Accordingly, to overcome the DFE, Plaintiffs must plausibly allege that government officials' discretion was cabined by a specific constitutional directive and that the specific directive was violated. Plaintiffs have not done so here.

Moreover, Plaintiffs' claimed right to family integrity while in immigration detention proceedings was not clearly established at the time Plaintiffs were separated

3

in 2018. *See Reyna as next friend of J.F.G. v. Hott*, 921 F.3d 204, 210-11 (4th Cir. 2019); *see also Delgado v. INS*, 637 F.2d 762, 763-64 (10th Cir. 1980) (impact on children from family separation due to parent's removal "does not raise constitutional problems"); *Marin-Garcia v. Holder*, 647 F.3d 666, 674 (7th Cir. 2011) ("nothing in the Constitution prohibits" separation of citizen children from parents when parents are deported); *United States v. Dominguez-Portillo*, 2018 WL 315759, at *6 (W.D. Tex. Jan. 5, 2018), *aff'd sub nom. United States v. Vasquez-Hernandez*, 924 F.3d 164 (5th Cir. 2019). Notably, Plaintiffs do not argue in their Opposition that this claimed right *was* clearly established at the time of their separation. Rather, they argue that there is no requirement that the right be clearly established in order to overcome the DFE.[2] The United States submits that the argument that constitutional rules must be clearly established to defeat the DFE accords with principles of official immunity that formed the backdrop to the FTCA, *see* Motion at 20, and were incorporated by Congress into the statute via the inclusion of the exception to "make clear that the Act was not to be extended into the realm of the validity of legislation or discretionary

---

[2] Plaintiffs cite *Galvin v. Hay*, 374 F.3d 739 (9th Cir. 2004) for this proposition. In *Galvin*, the plaintiffs alleged constitutional torts under *Bivens* and false arrest under the FTCA. 374 F.3d at 743. Although the court stated that the DFE did not apply to one example of unconstitutional conduct, which it elsewhere found was not clearly established, the court did so without analyzing the proper standard for that conduct – and then dismissed the FTCA claims on different grounds. *Id.* at 758. The court simply quoted from *Nurse* for the general proposition that "[t]he Constitution can limit the discretion of federal officials such that FTCA's discretionary function will not apply" and from *United States Fid. & Guar. Co. v. United States*, 837 F.2d 116, 120 (3d Cir. 1988), for the general premise that "[f]ederal officials do not possess discretion to violate constitutional rights." *Galvin*, 374 F.3d at 758. Notably, however, for the second discrete constitutional violation at issue in that case – the denial of a march permit – the court applied the correct standard, upholding dismissal of plaintiffs' FTCA claim because "the defendants' permit denial was not a violation of clearly established law, [as] the officers 'had reasonable cause to believe the arrest was lawful.'" *Id*.

administrative action." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 810 (1984). Moreover, the district court decisions Plaintiffs cite were all rendered *after* the occurrence of the conduct that forms the basis for Plaintiffs' claims, *see* Opp'n at 10, and thus cannot demonstrate the right at issue was "clearly established" at the time of Plaintiffs' separation. Finally, district court decisions do not suffice to show that a right was "clearly established." *See Camreta v. Greene*, 563 U.S. 692, 709 n.7 (2011) (decisions of a federal district court judge are not binding precedent).

### 2. The DFE Test Is Satisfied Here

Plaintiffs argue that the two prongs of the DFE test as set forth in *United States v. Gaubert*, 499 U.S. 315, 325 (1991), are not satisfied here. Regarding the first prong, Plaintiffs argue that there were "mandatory duties" governing the "decisions to separate" M.A.N.H. and E.B.N.A., citing broadly to the *Flores* agreement and "various standards" of CBP, ICE, and ORR, including CBP's guidance to "maintain family unity *to the greatest extent operationally feasible*." Opp'n at 12-13 (emphasis added). This argument is contrary to plain language and precedent. According to the Ninth Circuit, the *Flores* agreement "does not address . . . the housing of family units and the scope of parental rights for adults apprehended with their children[,]" and it "does not contemplate releasing a child to a parent who remains in custody, because that would not be a 'release.'" *Flores v. Lynch*, 828 F.3d 898, 906 (9th Cir. 2016); *see also Dominguez-Portillo*, 2018 WL 315759, at *9 ("[*Flores*] does not provide that parents are entitled to care for their children if they were simultaneously arrested by immigration authorities[.]"). Nor does the *Flores* agreement provide any rights to

adult detainees, including any rights of release. *Flores*, 828 F.3d at 908; *see also Dominguez-Portillo*, 2018 WL 315759, at *14-15; *Bunikyte, ex rel. Bunikiene v. Chertoff*, No. A-07-CA-164-SS, 2007 WL 1074070, at *16 (W.D. Tex. Apr. 9, 2007). Under federal law and the *Flores* agreement, minors cannot be held in adult secure detention facilities. Thus, once the discretionary decision is made to securely detain an adult noncitizen, his or her child must be housed separately. Additionally, with respect to CBP's guidance to "maintain family unity to the greatest extent operationally feasible," at least one court has concluded that such provision "does not specifically mandate that families remain together under circumstances such as" when an accompanying adult is to be criminally prosecuted, and therefore cannot overcome the DFE. *See D.A. v. United States*, 2023 WL 2619167, at *19 (W.D. Tex. Mar. 23, 2023).

On the second prong of the DFE test, Plaintiffs have not rebutted the presumption that the challenged conduct is susceptible to policy analysis. *See* Opp'n at 13-15. Rather, Plaintiffs simply argue, without more, that the United States has failed to meet its burden on this prong.[3] *See id*. This argument ignores the precedent and sufficient explanation the United States provided in its opening brief. *See* MTD at 14-16. Accordingly, this second prong is satisfied. *See GATX/Airlog Co. v. United States*, 286 F.3d 1168, 1174 (9th Cir. 2002) ("The decision need not *actually* be

---

[3] Citing to *Prescott v. United States*, 973 F.2d 696, 701-02 (9th Cir. 1992), Plaintiffs argue that the United States bears the burden of proving that the DFE applies. Opp'n at 5. However, *Prescott* addressed the showing of proof at the summary judgment stage and did not address what is necessary at the motion to dismiss stage. Plaintiffs' reading of *Prescott* ignores established Supreme Court precedent that "[w]hen established governmental policy, as expressed or implied by statute, regulation, or agency guidelines, allows a Government agent to exercise discretion, *it must be presumed that the agent's acts are grounded in policy when exercising that discretion*." *Gaubert*, 499 U.S. at 323 (emphasis added).

grounded in policy considerations so long as it is, by its nature, susceptible to a policy analysis.") (emphasis in original)).

### C. Actions Were Taken While Reasonably Executing the Law

In its Motion, the United States argued that Plaintiffs' claims relating to the transfer of E.B.N.A. to ORR custody were independently barred under the FTCA's exception for claims "based upon an act or omission of an employee of the Government, exercising due care, in the execution of a statute or regulation, whether or not such statute or regulation be valid." *See* MTD at 21-23; 28 U.S.C. § 2680(a). In their Opposition, Plaintiffs state that they "do not challenge Defendant's original decision to detain them nor its purported decision to refer [M.A.N.H.] for prosecution." Opp'n at 6. However, once Border Patrol made the discretionary determination that M.A.N.H. would be referred for prosecution and placed in secure immigration detention, he was unavailable to provide care and custody of E.B.N.A, and the TVPRA required Border Patrol to transfer E.B.N.A. to ORR custody. Thus, any claims relating to E.B.N.A.'s placement in ORR custody, and resulting separation from her father, are barred. *See* MTD at 21-23; *S.E.B.M. v. United States*, 2023 WL 2383784, at *38 (D.N.M. Mar. 6, 2023) ("The act of charging, prosecuting, and jailing S.E.B.M's father made S.E.B.M. a UAC which in turn required her to be cared for elsewhere.").

### D. No "Private Person" Analogue Exists

Plaintiffs' claims arise out of the exercise of authority that only the federal government possesses. Accordingly, Plaintiffs' claims are also barred because the challenged actions have no private-person analogue. This is especially true where, as

here, the statutory authority being exercised pertains to enforcement of federal immigration laws – specifically, those relating to whether and where to detain noncitizens pending immigration proceedings. *See Ryan v. ICE*, 974 F.3d 9, 26 (1st Cir. 2020) ("Controlling immigration and the presence of noncitizens within the country are duties and powers vested exclusively in the sovereign."). Plaintiffs insist that each of the state law torts they allege could be committed by a private person. Opp'n at 18-19. But the question is not whether a given state-law tort could, in theory, be committed by a private person; the question is whether a private person could be liable for the type of conduct challenged in the complaint. *Westbay Steel, Inc. v. United States*, 970 F.2d 648, 650 (9th Cir. 1992) (allegation of negligence was not enough to state a claim because the challenged *action*—a federal contracting officer's failure to comply with Miller Act—had "no counterpart in private activity"); *Sea Air Shuttle Corp. v. United States*, 112 F.3d 532, 537 (1st Cir. 1997) (affirming dismissal where plaintiff alleged negligence but the challenged *conduct* was a type "that private persons could not engage in, and hence could not be liable for under local law") (quotation omitted). Here, Plaintiffs do not dispute that M.A.N.H. was lawfully detained for criminal and immigration proceedings. Thus, Plaintiffs' claims are essentially a challenge to *where* and *with whom* noncitizens can be detained. Such decisions are made pursuant to federal statutory authority and are in the sole province of the federal government; thus, there is no private person counterpart.

### E. The Independent Contractor Exception Bars Some Allegations

As explained in the United States' Motion, Plaintiffs' claims arising out of E.B.N.A.'s alleged lack of medical care and alleged mistreatment while E.B.N.A. was in the custody of a foster parent through Cayuga Centers are barred by the FTCA's

independent contractor exception. MTD at 24-26. Plaintiffs attempt to avoid the independent contractor exception by arguing that E.B.N.A. would not have been placed with the contractor (Cayuga) if the government had not separated her from her father. Opp'n at 20. However, this reasoning, if adopted, would largely eviscerate the independent contractor exception. Further, to the extent that E.B.N.A.'s claims are premised on a theory of vicarious liability, those claims also are barred by the independent contractor exception. *See A.F.P. v. United States*, 2022 WL 2704570, at *17-18 (E.D. Cal. July 12, 2022) (barring plaintiffs' negligence claims premised on a theory of vicarious liability for the conduct of the ORR grantee staff).

## II. Plaintiffs' Failure to State a Claim

### A. Privileged Conduct

As the United States explained in its Motion, the conduct at the core of Plaintiffs' Complaint—the separation of Plaintiffs—was privileged under Texas law; thus, Plaintiffs fail to state a claim under state law. *See* MTD at 27-29. Plaintiffs acknowledge that the United States is entitled to invoke state law privileges in FTCA actions. *See* Opp'n at 21-22. The separation of Plaintiffs was a direct result of the criminal referral process of M.A.N.H. and his subsequent secure detention by ICE for immigration proceedings. In referring M.A.N.H. for prosecution and detaining him pending immigration proceedings, Border Patrol and ICE agents were acting pursuant to federal statutory authority. Accordingly, their actions were privileged under Texas state law. *See* Tex. Penal Code Ann. § 9.21(a); *see also Caban v. United States*, 728 F.2d 68 (2d Cir. 1984) (government conduct is privileged where officers follow statute); *S.E.B.M.*, 2023 WL 2383784, at *19 (where government separated minor child from parent, its actions "were protected by its privilege to prosecute").

### B. Plaintiffs' IIED Claims

Plaintiffs' allegations of IIED stem from the government's decision to refer M.A.N.H. for prosecution for illegal entry and securely detain him pending immigration proceedings. Those decisions were discretionary and cannot be challenged in an FTCA lawsuit. As demonstrated in the United States' Motion, where, as here, a parent is separated from his child due to the parent's referral for criminal prosecution or immigration proceedings and placement in secure detention, the decision to separate is a consequence of those proceedings that does not amount to intentional infliction of emotional distress under Texas law. *See* MTD at 29-30.

### C. Plaintiffs' Abuse of Process Claims

In support of their abuse of process claims, Plaintiffs argue that the United States abused its process by "coerc[ing] [M.A.N.H.] into waiving certain rights" by telling him that he would be reunited with his daughter if he agreed not to appeal his credible fear determination. Opp'n at 26-27. However, a claim based on alleged falsehoods to M.A.N.H. by government employees is barred by the FTCA's misrepresentation exception, as demonstrated in the United States' Motion. *See* MTD at 26.[4] Accordingly, Plaintiffs' abuse of process claims cannot proceed to the extent they are based on alleged misrepresentations by government employees.

Moreover, Plaintiffs concede that the United States acted within its statutory authority in referring M.A.N.H. for prosecution and detaining him for immigration proceedings. Opp'n at 26 ("Plaintiffs allege that [] 'the original issuance of' [the criminal and removal processes] w[ere] 'justified.'"). Nevertheless, Plaintiffs assert that the government "subsequently" abused process by prolonging Plaintiffs' separation because "any intended prosecution could have been accomplished without

---

[4] In their Opposition, Plaintiffs argue that such allegations are not barred because they are "only collaterally involved" with Plaintiffs' claims. Opp'n at 21 n.7 (quoting *Mundy v. United States*, 983 F.2d 950, 953 (9th Cir. 1993)). Yet, Plaintiffs' Complaint is clear that alleged misrepresentations by government employees with respect to M.A.N.H. foregoing an asylum claim form the basis of their abuse of process claims, and as such are not merely collateral.

a ten-week separation and without transporting [E.B.N.A.] thousands of miles from her father to a placement in New York." Opp'n at 27. However, this argument ignores the government's well-established authority regarding whether and where to securely detain inadmissible noncitizens pending immigration proceedings and the requirement that the government transfer a minor to ORR custody once the determination has been made that the minor is a UAC. 8 U.S.C. § 1232(b). The government's exercise of its statutory authority and fulfillment of a statutory mandate is not "illegal, improper, perverted use of the process," as is required under Texas law to plausibly state an abuse of process claim. *Andrade v. Chojnacki*, 65 F. Supp. 2d 431, 469 (W.D. Tex. 1999) (quotation omitted). Indeed, in applying Texas law, at least two district courts have concluded that plaintiffs who raised similar allegations in other family separation cases failed to state a claim for abuse of process. *See E.L.A. v. United States*, 2022 WL 2046135, at *6 (W. D. Wash. June 3, 2023) (dismissing claim for "failing to state the first element of an abuse of process claim [that the defendant made an "illegal, improper, or perverted use of the process"] under Texas law."); *C.D.A. v. United States*, 2023 WL 2666064, at *25 (E.D. Pa. Mar. 28, 2023) (concluding that plaintiffs had "no cognizable abuse of process claims under Texas law").

### D. Plaintiffs' Negligence Claims

In support of their negligence claims, Plaintiffs argue that the government breached duties imposed by the *Flores* agreement and ORR, CBP, and ICE policies. Opp'n at 29-30. The *Flores* agreement and agencies' policies, however, do not impose actionable duties under Texas law, which is required to maintain a state tort claim under the FTCA. Moreover, as explained above, the *Flores* agreement does not impose a duty to maintain family unity in all circumstances and any alleged "breach" of the *Flores* agreement does not create a right for an individual to recover

11

money damages under applicable state law. Plaintiffs also assert that a duty to maintain family integrity is derived from the Constitution. Opp'n at 29-30. But reliance on a constitutional provision does not establish a duty under state law.[5] And constitutional tort claims are not actionable under the FTCA. *See Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 71-72 (2001); *FDIC v. Meyer*, 510 U.S. 471, 478 (1994) ("[T]he United States simply has not rendered itself liable under [the FTCA] for constitutional tort claims.").

Plaintiffs' argument that the government breached a duty imposed by the special relationship of "sheriff" and "inmate" is unavailing. Opp'n at 30. The two decisions Plaintiffs cite address the duty to protect an individual from foreseeable *physical injury*, not emotional injury. Plaintiffs do not allege any physical injuries caused by the alleged negligence of government employees. Further, the decisions upon which Plaintiffs rely only impose a duty to protect an individual from reasonably foreseeable injury by a *third party*, which Plaintiffs do not allege here. Applying Texas law, two district courts have dismissed negligence claims brought by plaintiffs in family separation suits. *See E.L.A*, 2022 WL 2046135, at *7 ("Plaintiffs fail to identify any cases supporting such a relationship or a duty to protect against mental anguish absent a special relationship."); *C.D.A.*, 2023 WL 2666064, at *24 (dismissing negligence claims because "plaintiffs do not claim that any third persons physically harmed [them] while the Government detained them").

### III. Conclusion

The United States respectfully requests that Plaintiffs' claims be dismissed.

---

[5] *Howell v. United States*, 932 F.2d 915, 917 (11th Cir. 1991) ("The FTCA was not intended to create new causes of action; nor was it intended as a means to enforce federal statutory duties.") (citations omitted); *Hornbeck Offshore Transp. v. United States*, 569 F.3d 506, 508 (D.C. Cir. 2009) (same); *Sea Air Shuttle Corp.*, 112 F.3d at 536 (same); *Johnson v. Sawyer*, 47 F.3d 716, 728 (5th Cir. 1995) (en banc) (same); *Myers v. United States*, 17 F.3d 890, 899 (6th Cir. 1994) (same); *Chen v. United States*, 854 F.2d 622, 626 (2d Cir. 1988) (same).

Dated: August 9, 2023.                    Respectfully Submitted.

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

JAMES G. TOUHEY, JR.
Director, Torts Branch

*s/ Irina M. Majumdar*
IRINA M. MAJUMDAR
Trial Attorney
D.C Bar No. 252757
E-mail: Irina.m.majumdar@usdoj.gov
U.S. Department of Justice
Civil Division, Torts Branch
Benjamin Franklin Station, P.O. Box 888
Washington, DC 20044
Telephone: (202) 598-5403

Attorneys for the United States of America