1   Geoffrey H. Yost (S.B. #159687)
2   gyost@omm.com
    L. Nicole Allan (S.B. #323506)
3   nallan@omm.com
4   **O'MELVENY & MYERS LLP**
    Two Embarcadero Center, 28th Floor
5   San Francisco, CA 94111
6   Telephone: 415-984-8724

7   Wendy Wylegala*
    wwylegala@supportkind.org
8   **KIDS IN NEED OF DEFENSE**
9   252 West 37th Street, Floor 15
    New York, NY 10018
10  Telephone: 646-970-2913

11

12  *Attorneys for Plaintiffs*
    [*Additional counsel listed on signature pages*]
13  [**Admitted pro hac vice*]

14

15

16                  **UNITED STATES DISTRICT COURT**

17                  **CENTRAL DISTRICT OF CALIFORNIA**

18
    M.A.N.H., individually as parent       Case No.  5:23-CV-00372
19  and next friend of his minor child,
    E.B.N.A.,                              **UNOPPOSED PETITION FOR**
20                                         **APPROVAL OF**
                                           **MINOR'S COMPROMISE**
21
                      Plaintiffs,          Hearing Date: April 22, 2024
22
          v.                               [PROPOSED ORDER,
23                                         DECLARATION OF GEOFFREY
    UNITED STATES OF AMERICA,              YOST IN SUPPORT OF PETITION
24                                         FOR APPROVAL OF MINOR'S
                      Defendant.           COMPROMISE, DECLARATION OF
25                                         PETITIONER IN SUPPORT OF
                                           PETITION FOR APPROVAL OF
26                                         MINOR'S COMPROMISE]
27

28

In accordance with Local Rule 17-1, Plaintiff Marcos[1] ("Petitioner"), father and next friend of his minor child Esteffany, hereby submits this Petition for approval of the compromise of Esteffany's claims and the distribution of the settlement in this matter.

## LEGAL BACKGROUND

Federal courts have a special duty, derived from Rule 17(c) of the Federal Rules of Civil Procedure, "to safeguard the rights of litigants who are minors." *Robidoux v. Rosengren,* 638 F.3d 1177, 1181 (9th Cir. 2011). Thus, "[a] district court 'must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem.'" *McDowell v. United States*, 2021 WL 4706989, at *1 (C.D. Cal. Jan. 5, 2021) (Bernal, J.) (quoting *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983)). "In evaluating a compromise, a district court should 'limit the scope of [its] review to the question whether the net amount distributed to each minor plaintiff in the settlement is fair and reasonable, in light of the facts of the case, the minor's specific claim, and recovery in similar cases.'" *McDowell*, 2021 WL 4706989, at *1 (quoting *Robidoux*, 638 F.3d at 1181–82).

Under Local Rule 17-1.2, "[n]o claim in any action involving a minor or incompetent person shall be settled, compromised, or dismissed without leave of the Court embodied in an order, judgment, or decree." L.R. 17-1.2. And Local Rule 17-1.3 requires that "insofar as practicable," hearings on this petition shall conform to California Code of Civil Procedure Section 372 and California Rule of Court 3.1384. L.R. 17-1.3. California Rule of Court 3.1384 requires compliance with

---

[1] Pursuant to the Court's order granting Plaintiffs' motion to proceed under pseudonyms, Dkt. 26, Plaintiff M.A.N.H. is referred to as "Marcos" and Plaintiff E.B.N.A. is referred to as "Esteffany."

PETITION FOR APPROVAL OF
MINOR'S COMPROMISE
CASE NO. 5:23-CV-00372

California Rule of Court 7.950,[2] which mandates that petitions use the California Judicial Council Form MC-350, "Petition for Approval of Compromise of Claim or Action or Disposition of Proceeds of Judgment for Minor or Person With a Disability." Marcos has therefore attached Form MC-350 as Exhibit A.

## STATEMENT OF FACTS

Esteffany was born in 2009 and is currently 14 years old. *See* Declaration of Petitioner in Support of Petition for Approval of Minor's Compromise ("Pet'r Decl."), ¶ 2. In May 2018, when Esteffany was eight years old, she and her father came to the United States seeking refuge from life-threatening violence in El Salvador. *Id.* ¶ 3. Defendant separated and detained them for approximately ten weeks under the federal "Zero Tolerance" policy. *Id.* Following the separation from her father, Esteffany was placed in the custody of the United States Department of Health and Human Services and transported to New York, New York. *Id.* ¶ 4. Esteffany did not receive adequate care while in Defendant's custody, and Defendant did not permit adequate communication with her father. *Id.* ¶ 5. Esteffany was hospitalized during the separation, and she was diagnosed with coxsackie virus, Scarlet fever, conjunctivitis, and an ear infection. *Id.* ¶ 6. Esteffany suffered physically and mentally due to the separation and continues to suffer its effects to this day. *Id.* In the years since her separation, she has struggled with exhaustion, physical weakness, low appetite, nightmares, flashbacks, anxiety, headaches, and intermittent ear and foot pain. *Id.*

Esteffany and her father asserted causes of action under the Federal Tort Claims Act, including intentional infliction of emotional distress, abuse of process,

---

[2] Under California Rule of Court 3.1384, petitioners are also required to comply with California Rule of Court 7.951 by disclosing certain information about their attorney's interest in the petition. Marcos has complied with California Rule of Court 7.951 in the Declaration of Geoff Yost in Support of Petition for Approval of Minor's Compromise. *See* ¶¶ 1–5, 16.

1  and negligence. *See* Declaration of Geoff Yost in Support of Petition for Approval

2  of Minor's Compromise ("Yost Decl."), ¶ 6. The Court denied Defendant's Motion

3  to Dismiss those claims on September 22, 2023. *Id.* ¶ 7, 8.

## SETTLEMENT TERMS

5      In order to avoid the uncertainty, stress, and potential emotional impact of

6  protracted litigation, Esteffany and Marcos have agreed with Defendant to settle

7  their claims for a gross amount of $270,000. Yost Decl., ¶11; Pet'r Decl. ¶ 7.

8  Plaintiffs believe this settlement amount to be comparable to other recent

9  settlements between Defendant and other families separated under the "Zero

10 Tolerance" policy. *See* Yost Decl., ¶ 12. Marcos, on behalf of the minor Esteffany,

11 seeks approval of the proposed allocation to Esteffany of $170,000 of the gross

12 settlement of $270,000. Yost Decl., ¶11; Pet'r Decl. ¶ 7. Under the terms of the

13 settlement, Marcos would receive the remaining $100,000. *Id.* Marcos respectfully

14 asks the Court to order Defendant to deposit the gross settlement funds into a trust

15 account of one of Plaintiffs' attorneys, in lieu of payment into the registry of the

16 Court. Pet'r Decl. ¶ 9; L.R. 17-1.5. Defendant does not oppose Plaintiffs' request.

17 Plaintiffs' counsel will then deposit Esteffany's portion of the settlement funds into

18 an interest-bearing, federally insured blocked account belonging to Esteffany. Yost

19 Decl., ¶ 15.

20      No fees or expenses will be deducted from the gross settlement or from

21 Esteffany's portion. Yost Decl., ¶ 14. Plaintiffs' attorneys will not accept attorneys'

22 fees or reimbursement of expenses or court costs. *Id.* ¶ 13. Esteffany has not

23 incurred any medical expenses that will be reimbursed with the settlement and does

24 not anticipate any such expenses. *Id.*

## PETITIONER'S ENDORSEMENT

26      Marcos has made a careful and diligent inquiry into the nature, extent, and

27 seriousness of Esteffany's claims. Pet'r Decl., ¶ 10. Marcos acknowledges that the

28

PETITION FOR APPROVAL OF
MINOR'S COMPROMISE
CASE NO. 5:23-CV-00372

settlement is final and binding. *Id.* Further, Marcos believes that settlement agreement is fair, reasonable, and in Esteffany's best interests. *Id.* ¶ 11.

## CONCLUSION

For the reasons above, Marcos respectfully requests that the Court approve the compromise of Esteffany's claim.

Dated: March 25, 2024          O'MELVENY & MYERS LLP


By: /s/ *Geoffrey H. Yost*
      Geoffrey H. Yost (S.B. #159687)**
      L. Nicole Allan (S.B. #323506)
      Taylor S. Simeone (S.B. #327313)
      Monsura A. Sirajee (S.B. #320704)
      Emily Murphy*
      Hye-Jin Kim (S.B. #341948)

Dated: March 25, 2024          KIDS IN NEED OF DEFENSE (KIND)


By: /s/ *Wendy Wylegala*
      Wendy Wylegala*
      John Travis (S.B. #348813)


*Attorneys for Plaintiffs M.A.N.H. and E.B.N.A., a minor child*
[*Admitted pro hac vice*]


**Pursuant to Local Rule 5-4.3.4(2), the filer attests that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

PETITION FOR APPROVAL OF
MINOR'S COMPROMISE
CASE NO. 5:23-CV-00372